**Robert Anthony GREEN, Sr., Plaintiff,**

v.

**P. KHRISNASWAMY, Defendant.**

**No. 01–CV–6505L.**

United States District Court,
W.D. New York.

July 28, 2004.

---

1. The exhibit is not paginated.

Robert Anthony Green, Sr., Malone, NY, pro se.

Kelly Ann McCarthy, Office of the New York State Attorney General, Rochester, NY, for Defendant.

### DECISION AND ORDER

LARIMER, District Judge.

Plaintiff, Robert Green, appearing *pro se,* commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), has sued Dr. Krishnaswamy, who at all relevant times was employed by DOCS as a dentist at the Attica Correctional Facility. Plaintiff alleges that defendant violated his rights under the Eighth Amendment to the United States Constitution in connection with defendant's treatment of plaintiff in 1998. Both sides have moved for summary judgment.

## BACKGROUND

It is difficult to discern from the complaint exactly what the factual basis for plaintiff's claim is, but it appears to relate to defendant's filling of some of plaintiff's teeth. Plaintiff alleges that defendant "committed a (Medical Dental) malpractice-negligence, by the placing of '[M]etal-filings,' [sic] partially over on, plaintiff-petitioner's, (Oral dental cavity teeths. [sic] )." Complaint, "Supplemental Page" at 1 (internal parentheses and first brackets in original). Plaintiff also states in his motion papers that "the fillings were improperly installed on the nerve endings of teeths [sic] were bleeding," causing him pain. Plaintiff's Motion for Summary Judgment (Docket # 22) at 4.

## DISCUSSION

### I. Eighth Amendment Claims: General Standards

To show that prison medical treatment was so inadequate as to amount to "cruel or unusual punishment" prohibited by the Eighth Amendment, plaintiff must prove that defendants' actions or omissions amounted to "deliberate indifference to a serious medical need." *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The Second Circuit has stated that a medical need is "serious" for constitutional purposes if it presents " 'a condition of urgency' that may result in 'degeneration' or 'extreme pain.' " *Chance v. Armstrong,* 143 F.3d 698, 702 (2d Cir.1998) (quoting *Hathaway v. Coughlin,* 37 F.3d 63, 66 (2d Cir.1994), *cert. denied,* 513 U.S. 1154, 115 S.Ct. 1108, 130 L.Ed.2d 1074

(1995)). *See also Harrison v. Barkley,* 219 F.3d 132, 136–137 (2d Cir.2000) ("A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain'") (quoting *Chance,* 143 F.3d at 702).

Among the relevant factors for determining whether a serious medical need exists are "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance,* 143 F.3d at ·702 (quoting *McGuckin v. Smith,* 974 F.2d 1050, 1059–60 (9th Cir. 1992), *overruled on other grounds, WMX Tech., Inc. v. Miller,* 104 F.3d 1133 (1997)). At the same time, however, "[a]n assertion of pain sensation alone, unaccompanied by any large medical complications, does not amount to a serious medical need under the Eighth Amendment." *Livingston v. Goord,* 225 F.Supp.2d 321, 329 (W.D.N.Y. 2002) (quoting *Inciarte v. Spears,* No. 97 Civ. 3155(HB), 1998 WL 190279, *3 (S.D.N.Y. Apr. 20, 1998)) 1998 U.S.Dist. LEXIS 5731, *11 (collecting cases); *see, e.g., Zentmyer v. Kendall County, Ill.,* 220 F.3d 805, 810 (7th Cir.2000) ("Failure to 'dispense bromides for the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue—the sorts of ailments for which many people who are not in prison do not seek medical attention—does not ... violate the Constitution'") (quoting *Cooper v. Casey,* 97 F.3d 914, 916 (7th Cir.1996)).

As to the "deliberate indifference" component, the Supreme Court explained in *Wilson v. Seiter,* 501 U.S. 294, 298–99, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991), that this standard includes both an objective and a subjective prong. With respect to the objective aspect, the court must ask

whether there has been a sufficiently serious deprivation of the prisoner's constitutional rights. With respect to the subjective component, the court must consider whether the deprivation was brought about by defendants in wanton disregard of those rights. *Id.* To establish deliberate indifference, therefore, plaintiff must prove that the defendants had a culpable state of mind and intended wantonly to inflict pain. *See Wilson,* 501 U.S. at 299, 111 S.Ct. 2321; *DesRosiers v. Moran,* 949 F.2d 15, 19 (1st Cir.1991); *Ross v. Kelly,* 784 F.Supp. 35, 44 (W.D.N.Y.), *aff'd,* 970 F.2d 896 (2d Cir.), *cert. denied,* 506 U.S. 1040, 113 S.Ct. 828, 121 L.Ed.2d 698 (1992).

The Court in *Estelle* also cautioned that mere negligence is not actionable. "A [prisoner's] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle,* 429 U.S. at 106, 97 S.Ct. 285. Rather, the plaintiff must allege conduct that is "repugnant to the conscience of mankind," *id.* at 102, 97 S.Ct. 285, or "incompatible with the evolving standards of decency that mark the progress of a maturing society," *id.* at 105–06, 97 S.Ct. 285. It is clear, then, that allegations of malpractice alone do not state a constitutional claim. *Id.* at 106 n. 14, 97 S.Ct. 285; *Chance,* 143 F.3d at 703–04; *Ross,* 784 F.Supp. at 44.

Likewise, an inmate's "mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance,* 143 F.3d at 703; see *also Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir.1977) ("The courts will

not intervene upon allegations of mere negligence, mistake or difference of opinion").

## II. Application to this Case

Applying these principles to the case at bar, it is clear that plaintiff has not made out a claim under the Eighth Amendment, and that the complaint must be dismissed. Even viewing the record in the light most favorable to plaintiff, the most that could be found here is that defendant was negligent in his treatment of plaintiff, or that plaintiff disagreed or was dissatisfied with the treatment that he received. As stated, that is not enough.

In support of his motion, defendant has submitted a declaration of William Dawson, D.D.S., who was also a dentist at Attica, and treated plaintiff, around the time in question. He states that the care given to plaintiff by Dr. Krishnaswamy was appropriate. Plaintiff has offered no evidence to the contrary, aside from his own conclusory assertions that his rights were violated.

I also note that defendant's papers state that plaintiff contends that defendant should have given him the option of using plastic tooth-colored fillings instead of metal amalgam, and that, when the fillings that defendant inserted fell out, defendant, rather than Dr. Dawson, should have treated plaintiff. It is not apparent from the record where, if anywhere, plaintiff makes those allegations, but to the extent that they form the basis for his claim, I find them meritless as well, since neither implicates plaintiff's serious medical needs, much less deliberate indifference to such needs. *See United States ex rel. Hyde v. McGinnis,* 429 F.2d 864 (2d Cir.1970) ("The prisoner's right is to medical care— not the type or scope of medical care which he personally desires"); *Alston v. Howard,* 925 F.Supp. 1034, 1040 (S.D.N.Y. 1996) ("Although a prisoner is entitled to

medical care, he does not have the right to the treatment of his choice").

There is, then, no evidence that defendant deliberately ignored plaintiff's serious medical needs, in order wantonly to inflict pain on him. *See Wilson,* 501 U.S. at 299, 111 S.Ct. 2321. Even in the complaint, plaintiff characterizes defendant's actions as "malpractice-negligence." I conclude, therefore, that plaintiff has not presented enough evidence to give rise to a genuine issue of fact concerning either the objective or subjective component of the Eighth Amendment standard. There is simply no evidence upon which a rational factfinder could conclude either that there was a "sufficiently serious" deprivation of plaintiff's rights, *Hathaway,* 37 F.3d at 66, or that defendant was deliberately indifferent to plaintiff's needs.

## CONCLUSION

Plaintiff's motion for summary judgment (Docket # 22) is denied. Defendant's motion for summary judgment (Docket # 25) is granted, and the complaint is dismissed.

IT IS SO ORDERED.